**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEBRA GRIFFITH, _et. al._** | § | Civil Action No. _2:18-cv-081_ |
| **Individually and on behalf of all others** | § | |
| **similarly situated** | § | |
| | § | |
| _Plaintiff,_ | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | |
| | § | **COLLECTIVE ACTION** |
| **MENARD, INC.** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| _Defendant._ | § | **CLASS ACTION PURSUANT TO** |
| | § | **FED. R. CIV. P. 23** |

## ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

Debra Griffith, Tiffany Aldrich, Clayton Beagle, Caleb Bell, Corey Bell, Chelsea Knapp, David Dininger, Keeley Elliot, Richard Englerth, Michael Felgenhauer, Andrew Foster, Bobby Foster, Beth Graber, Ashley Gumm, Trenton Henning, Michael Herman, Anthony Hunter, Jan Jee Johnston, Jason Kast, Deanna Kieffer, Tiffany Lambert, Corey Lewis, Tiffany Meyers, Angie Mitchell, Levi Mohler, Lucas Mortemore, Ashley Parvu, Virgil Ridgway, Zachary Roy, Benjamin Sundberg, Emily Vandergrift, Brittany Whitlock, Andrew Wilson, Jack Green, III, Jack Green, Brett Driscoll, Amanda Cramer, Dylan Jablonski, Richard McClaine, Shane Blackledge, Ben Egleston, Carol Fink, Lura Richardson, Lucas Wacker, Anders Carlson, Brandon Fitzgerald, Justin Franklin, , Jacob Penaflor, Kenneth Sanders, Ashley Wilhoit, Miles Delaney, Seth Schott, Melina Lambert, Issiah Meler, Kendra Osborn, McKenzie Shaw, Laura Burwell, Ryan McFadden, Jacob Miller, Shawn Whalen, Benjamin Mertz, Chelsea Peters, Jamie Smith, Nichole Hardachre, Joe Blaker, Darian Claringbold, David Wybo, Aaron Dobbs, Chad Foss, Ben Gammon, Rosana Hernandez, Stephanie Leipnitz, Jason McCoy, Justin Ness, Eric Pevan, Eric Pinkston, Scott Seibert, Adam Skrypek, Brianna Wise, Michael Siegert, Anthony Scott, Manuel Gonzales, Elijah Ambrose, Thomas Hager, Tate Alexander, Brandon Johnson, Ethan Truitt, Hannah Turner, Nichole Weiss, Chris

Carter, Matthew Conner, Robyn Edison, Krista Erikson, Nancy Gilenwater, Auston Pickard, Merlyn Sheldon, Chadwick Weld, Jacob Hilton, Mary Wilson, Chelsea Fergusen, Raymond Kern, Lance Heisler, Karissa Pervine, Preston Booty, Clayton Wuestwald, Lincoln Booth, Stevie Weigand, Jamie Pitzer, Paul Risley, Ashley Grahl, Dylan Perney, Zachary Auler, Raymond Young, Patrick Garver, Nichael Darden, Logan Austin, Adam Blue, Troy Chrisman, Nathan Crowther, Matthew Freville, Walter Higgins, Erica Jaggers, Kevin McFarland, Michael Moffat, Woodrow Nasser, Chad Whitehead, Anthony Wyrick, Nic Thissen,  Megan Farm, Barbara Sather, Lorrie J. Shivener, Cresensia Bostic, Kevin Kniffen, Timothy Apger, Jacobie Bagley, Tyler Benskin, Austin Bergman, Katlyn Blake, Keith E. Buell, III, Priscilla Canales, Kimberly Gratz, Jacob Keller, Amanda Kuehnhold, Scott R. Layton, Juan Montalvo, Douglas E. Osmun, Christen P. Raisor, Chris Rosek, Kristian Schuit, Eric Simmons, Mathew J. Smiddy, Richard William Stanley, Ryan Sutter, Adam Talley, Bradley J. Taylor, Marissa Van Elsen, Joshua VanTol, Clayton Zalewski, and Nichole Trebesch bring this action individually and on behalf of all others similarly situated (hereinafter "Plaintiffs and the Putative Class Members") who worked for Menard, Inc. ("Defendant" or "Menards") and were not paid for all hours worked from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), and O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts"), the Illinois Minimum Wage Law (hereinafter "IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* ("IWPCA") (the IMWL and the IWPCA will be referred to collectively as the "Illinois Acts"), the Wisconsin Statutes, Wis. Stat. §§ 103.01-03, 103.74, 109.03 ("Wisconsin Statutes") and Wisconsin Administrative Code DWD 272, 274 ("WAC")

(collectively "Wisconsin Laws"), the Missouri Minimum Wage Law ("MMWL"), MO. REV. STAT. §§ 290.500, *et seq.*, the North Dakota Administrative Code ("NDAC"), N.D. ADMIN. CODE §§ 46-02-07, *et seq.* and Title 34 of the North Dakota Century Code, N.D. CENT. CODE § 34-14-09.1 ("NDCC") (collectively the NDAC and the NDCC will be referred to as the "North Dakota Codes"), the Nebraska Wage and Hour Act, R.R.S. Neb. §§ 48-1201-1209 ("NWHA"), the Kansas Wage Payment Act, K.S.A. § 44-313, *et seq.* ("KWPA"), and the Indiana Wage Payment Statute, IND. CODE ANN. § 22-2-5 ("Indiana Statute").

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their respective state law claims are asserted as class actions under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.      This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and class actions pursuant to the state laws of Ohio, Illinois, Wisconsin, Missouri, North Dakota, Nebraska, Kansas, and Indiana and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable penalties.

2.      Plaintiffs and the Putative Class Members are those similarly situated persons who worked for Menards throughout the United States within their relevant statutes of limitations and through the final disposition of this matter, and were not paid for all hours worked in violation of state and federal law.

3.      Specifically, Menards enforced a uniform company-wide corporate policy wherein it improperly required its non-exempt hourly employees—Plaintiffs and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also*

*Sec'y United States Dep't. of Labor v. Am. Future Sys., Inc.*, 16-2685, 2017 WL 4558663 (3d Cir. Oct. 13, 2017).

4.      Menards further required Plaintiffs and the Putative Class Members to participate in mandatory meetings while off the clock and without pay.

5.      Menards additionally caused Plaintiffs and the Putative Class Members to spend compensable time training for their positions while off the clock and without compensation.

6.      Menards' company-wide policies caused Plaintiffs and the Putative Class Members to be unpaid for all hours worked in each workweek, and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

7.      Although Plaintiffs and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

8.      The decision by Menards not to pay Plaintiffs and the Putative Class Members for all hours worked was neither reasonable or in good faith.

9.      Menards knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

10.     Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Ohio, Illinois, Wisconsin, Missouri, North Dakota, Nebraska, Kansas, and Indiana state laws.

11.     Plaintiffs and the Putative Class Members therefore seek to recover all unpaid compensation, overtime and other damages owed under the FLSA as a collective action pursuant to

29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under their respective state laws as class actions pursuant to FED. R. CIV. P. 23.

12. Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

13. Plaintiffs also pray that the Rule 23 classes are certified as defined herein, and the Plaintiffs designated herein be named as Class Representatives.

## II.
## THE PARTIES

**A. Ohio Plaintiffs**

14. Plaintiff Debra Griffith worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within this judicial district and within the relevant time period. Plaintiff Griffith did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

15. Plaintiff Tiffany Aldrich worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts in the State of Ohio and within the relevant time period. Plaintiff Aldrich did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

16. Plaintiff Clayton Beagle worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within this judicial district and within the relevant time period. Plaintiff Beagle

---

[1] The written consent of Debra Griffith is attached hereto as Exhibit "A-1."

[2] The written consent of Tiffany Aldrich is attached hereto as Exhibit "A-2."

did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

17.     Plaintiff Caleb Bell worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within this judicial district and within the relevant time period. Plaintiff Bell did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[4]

18.     Plaintiff Corey Bell worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Bell did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[5]

19.     Plaintiff Chelsea Knapp worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Knapp did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[6]

20.     Plaintiff David Dininger worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Dininger did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[7]

---

[3] The written consent of Clayton Beagle is attached hereto as Exhibit "A-3."

[4] The written consent of Caleb Bell is attached hereto as Exhibit "A-4."

[5] The written consent of Corey Bell is attached hereto as Exhibit "A-5."

[6] The written consent of Chelsea Knapp is attached hereto as Exhibit "A-6."

[7] The written consent of David Dininger is attached hereto as Exhibit "A-7."

21.     Plaintiff Keeley Elliot worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Elliot did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[8]

22.     Plaintiff Richard Englerth worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Englerth did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[9]

23.     Plaintiff Michael Felgenhauer worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Felgenhauer did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[10]

24.     Plaintiff Andrew Foster worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Foster did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[11]

25.     Plaintiff Bobby Foster worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Foster did not

---

[8] The written consent of Keeley Elliot is attached hereto as Exhibit "A-8."

[9] The written consent of Richard Englerth is attached hereto as Exhibit "A-9."

[10] The written consent of Michael Felgenhauer is attached hereto as Exhibit "A-10."

[11] The written consent of Andrew Foster is attached hereto as Exhibit "A-11."

receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[12]

26.     Plaintiff Bradley J. Taylor worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Taylor did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[13]

27.     Plaintiff Beth Graber worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Graber did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[14]

28.     Plaintiff Ashley Gumm worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Gumm did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[15]

29.     Plaintiff Trenton Henning worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Henning did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[16]

---

[12] The written consent of Bobby Foster is attached hereto as Exhibit "A-12."

[13] The written consent of Bradley J. Taylor is attached hereto as Exhibit "A-13."

[14] The written consent of Beth Graber is attached hereto as Exhibit "A-14."

[15] The written consent of Ashley Gumm is attached hereto as Exhibit "A-15."

[16] The written consent of Trenton Henning is attached hereto as Exhibit "A-16."

30.     Plaintiff Michael Herman worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Herman did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[17]

31.     Plaintiff Anthony Hunter worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Hunter did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[18]

32.     Plaintiff Jan Jee Johnston worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Johnston did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[19]

33.     Plaintiff Jason Kast worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Kast did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[20]

34.     Plaintiff Deanna Kieffer worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Kieffer did

---

[17] The written consent of Michael Herman is attached hereto as Exhibit "A-17."

[18] The written consent of Anthony Hunter is attached hereto as Exhibit "A-18."

[19] The written consent of Jan Jee Johnston is attached hereto as Exhibit "A-19."

[20] The written consent of Jason Kast is attached hereto as Exhibit "A-20."

not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[21]

35.    Plaintiff Tiffany Lambert worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Lambert did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[22]

36.    Plaintiff Corey Lewis worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Lewis did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[23]

37.    Plaintiff Tiffany Meyers worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Meyers did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[24]

38.    Plaintiff Angie Mitchell worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Mitchell did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[25]

---

[21] The written consent of Deanna Kieffer is attached hereto as Exhibit "A-21."

[22] The written consent of Tiffany Lambert is attached hereto as Exhibit "A-22."

[23] The written consent of Corey Lewis is attached hereto as Exhibit "A-23."

[24] The written consent of Tiffany Myers is attached hereto as Exhibit "A-24."

[25] The written consent of Angie Mitchell is attached hereto as Exhibit "A-25."

39.     Plaintiff Levi Mohler worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Mohler did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[26]

40.     Plaintiff Lucas Mortemore worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Mortemore did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[27]

41.     Plaintiff Ashley Parvu worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Parvu did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[28]

42.     Plaintiff Virgil Ridgway worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Ridgway did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[29]

43.     Plaintiff Zachary Roy worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Roy did not

---

[26] The written consent of Levi Mohler is attached hereto as Exhibit "A-26."

[27] The written consent of Lucas Moretemore is attached hereto as Exhibit "A-27."

[28] The written consent of Ashley Parvu is attached hereto as Exhibit "A-28."

[29] The written consent of Virgil Ridgway is attached hereto as Exhibit "A-29."

receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[30]

44.    Plaintiff Benjamin Sundberg worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Sundberg did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[31]

45.    Plaintiff Emily Vandergrift worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Vandergrift did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[32]

46.    Plaintiff Brittany Whitlock worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Whitlock did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[33]

47.    Plaintiff Andrew Wilson worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Wilson did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[34]

---

[30] The written consent of Zachary Roy is attached hereto as Exhibit "A-30."

[31] The written consent of Benjamin Sundberg is attached hereto as Exhibit "A-31."

[32] The written consent of Emily Vandergrift is attached hereto as Exhibit "A-32."

[33] The written consent of Brittany Whitlock is attached hereto as Exhibit "A-33."

[34] The written consent of Andrew Wilson is attached hereto as Exhibit "A-34."

48.     Plaintiff Jack Green, III, worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Green did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[35]

49.     Plaintiff Jack Green worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Green did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[36]

50.     Plaintiff Brett Driscoll worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Driscoll did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[37]

51.     Plaintiff Amanda Cramer worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Cramer did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[38]

52.     Plaintiff Dylan Jablonski worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Jablonski

---

[35] The written consent of Jack Green, III, is attached hereto as Exhibit "A-35."

[36] The written consent of Jack Green is attached hereto as Exhibit "A-36."

[37] The written consent of Brett Driscoll is attached hereto as Exhibit "A-37."

[38] The written consent of Amanda Cramer is attached hereto as Exhibit "A-38."

did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[39]

53. Plaintiff Richard McClaine worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff McClaine did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[40]

54. Plaintiff Kevin Kniffen worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Kniffen did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[41]

55. Plaintiff Lorrie J. Shivener worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Shivener did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[42]

56. Plaintiff Timothy Apger worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Apger did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[43]

---

[39] The written consent of Dylan Jablonski is attached hereto as Exhibit "A-39."

[40] The written consent of Richard McClaine is attached hereto as Exhibit "A-40."

[41] The written consent of Kevin Kniffen is attached hereto as Exhibit "A-41."

[42] The written consent of Lorrie J. Shivener is attached hereto as Exhibit "A-42."

[43] The written consent of Timothy Apger is attached hereto as Exhibit "A-43."

57.     Plaintiff Jacobie Bagley worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Bagley did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[44]

58.     Plaintiff Austin Bergman worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Bergman did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[45]

59.     Plaintiff Priscilla Canales worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Canales did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[46]

60.     Plaintiff Jacob Keller worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Keller did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[47]

61.     Plaintiff Juan Montalvo worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Montalvo

---

[44] The written consent of Jacobie Bagley is attached hereto as Exhibit "A-44."

[45] The written consent of Austin Bergman is attached hereto as Exhibit "A-45."

[46] The written consent of Priscilla Canales is attached hereto as Exhibit "A-46."

[47] The written consent of Jacob Keller is attached hereto as Exhibit "A-47."

did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[48]

62.    Plaintiff Douglas E. Osmun worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Osmun did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[49]

63.    Plaintiff Christen P. Raisor worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Raisor did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[50]

64.    Plaintiff Erik Simmons worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Simmons did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[51]

65.    Plaintiff Mathew J. Smiddy worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Smiddy did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[52]

---

[48] The written consent of Juan Montalvo is attached hereto as Exhibit "A-48."

[49] The written consent of Douglas E. Osmun is attached hereto as Exhibit "A-49."

[50] The written consent of Christen P. Raisor is attached hereto as Exhibit "A-50."

[51] The written consent of Erik Simmons is attached hereto as Exhibit "A-51."

[52] The written consent of Mathew J. Smiddy is attached hereto as Exhibit "A-52."

66.     Plaintiff Ryan Sutter worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Sutter did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[53]

67.     Plaintiff Adam Talley worked for Menard, Inc. within the meaning of the FLSA and the Ohio Acts within the State of Ohio and within the relevant time period. Plaintiff Talley did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[54]

**B.     Iowa Plaintiffs**

68.     Plaintiff Shane Blackledge worked for Menard, Inc. in the State of Iowa within the meaning of the FLSA and the within the relevant time period. Plaintiff Blackledge did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[55]

69.     Plaintiff Ben Egleston worked for Menard, Inc. in the State of Iowa within the meaning of the FLSA and the within the relevant time period. Plaintiff Egleston did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[56]

70.     Plaintiff Carol Fink worked for Menard, Inc. in the State of Iowa within the meaning of the FLSA and the within the relevant time period. Plaintiff Fink did not receive all duly owed

---

[53] The written consent of Ryan Sutter is attached hereto as Exhibit "A-53."

[54] The written consent of Adam Talley is attached hereto as Exhibit "A-54."

[55] The written consent of Shane Blackledge is attached hereto as Exhibit "B-1."

[56] The written consent of Ben Egleston is attached hereto as Exhibit "B-2."

wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[57]

     71.    Plaintiff Lura Richardson worked for Menard, Inc. in the State of Iowa within the meaning of the FLSA and the within the relevant time period. Plaintiff Richardson did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[58]

     72.    Plaintiff Lucas Wacker worked for Menard, Inc. in the State of Iowa within the meaning of the FLSA and the within the relevant time period. Plaintiff Wacker did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[59]

     73.    Plaintiff Anders Carlson worked for Menard, Inc. in the State of Iowa within the meaning of the FLSA and the within the relevant time period. Plaintiff Carlson did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[60]

     74.    Plaintiff Brandon Fitzgerald worked for Menard, Inc. in the State of Iowa within the meaning of the FLSA and the within the relevant time period. Plaintiff Fitzgerald did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[61]

---

[57] The written consent of Carol Fink is attached hereto as Exhibit "B-3."

[58] The written consent of Lura Richardson is attached hereto as Exhibit "B-4."

[59] The written consent of Lucas Wacker is attached hereto as Exhibit "B-5."

[60] The written consent of Anders Carlson is attached hereto as Exhibit "B-6."

[61] The written consent of Brandon Fitzgerald is attached hereto as Exhibit "B-7."

75.     Plaintiff Marissa Van Elsen worked for Menard, Inc. in the State of Iowa within the meaning of the FLSA and the within the relevant time period. Plaintiff Van Elsen did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[62]

76.     Plaintiff Jamie Andersen worked for Menard, Inc. in the State of Iowa within the meaning of the FLSA and the within the relevant time period. Plaintiff Andersen did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[63]

**C.     Illinois Plaintiffs**

77.     Plaintiff Justin Franklin worked for Menard, Inc. within the meaning of the FLSA and the Illinois Acts within the State of Illinois and within the relevant time period. Plaintiff Franklin did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[64]

78.     Plaintiff McKenzie Shaw worked for Menard, Inc. within the meaning of the FLSA and the Illinois Acts within the State of Illinois and within the relevant time period. Plaintiff Shaw did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[65]

79.     Plaintiff Jacob Penaflor worked for Menard, Inc. within the meaning of the FLSA and the Illinois Acts within the State of Illinois and within the relevant time period. Plaintiff

---

[62] The written consent of Marissa Van Elsen is attached hereto as Exhibit "B-8."

[63] The written consent of Jamie Andersen is attached hereto as Exhibit "B-9."

[64] The written consent of Justin Franklin is attached hereto as Exhibit "C-1."

[65] The written consent of McKenzie Shaw is attached hereto as Exhibit "C-2."

Penaflor did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[66]

80. Plaintiff Kenneth Sanders worked for Menard, Inc. within the meaning of the FLSA and the Illinois Acts within the State of Illinois and within the relevant time period. Plaintiff Sanders did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[67]

81. Plaintiff Ashley Wilhoit worked for Menard, Inc. within the meaning of the FLSA and the Illinois Acts within the State of Illinois and within the relevant time period. Plaintiff Wilhoit did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[68]

82. Plaintiff Miles Delaney worked for Menard, Inc. within the meaning of the FLSA and the Illinois Acts within the State of Illinois and within the relevant time period. Plaintiff Delaney did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[69]

83. Plaintiff Seth Schott worked for Menard, Inc. within the meaning of the FLSA and the Illinois Acts within the State of Illinois and within the relevant time period. Plaintiff Schott did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[70]

---

[66] The written consent of Jacob Penaflor is attached hereto as Exhibit "C-3."

[67] The written consent of Kenneth Sanders is attached hereto as Exhibit "C-4."

[68] The written consent of Ashley Wilhoit is attached hereto as Exhibit "C-5."

[69] The written consent of Miles Delaney is attached hereto as Exhibit "C-6."

[70] The written consent of Seth Schott is attached hereto as Exhibit "C-7."

84. Plaintiff Melina Lambert worked for Menard, Inc. within the meaning of the FLSA and the Illinois Acts within the State of Illinois and within the relevant time period. Plaintiff Lambert did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[71]

85. Plaintiff Issiah Meler worked for Menard, Inc. within the meaning of the FLSA and the Illinois Acts within the State of Illinois and within the relevant time period. Plaintiff Meler did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[72]

86. Plaintiff Kendra Osborn worked for Menard, Inc. within the meaning of the FLSA and the Illinois Acts within the State of Illinois and within the relevant time period. Plaintiff Osborn did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[73]

**D.      Michigan Plaintiffs**

87. Plaintiff Laura Burwell worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Burwell did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[74]

88. Plaintiff Ryan McFadden worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff McFadden did not

---

[71] The written consent of Melina Lambert is attached hereto as Exhibit "C-8."

[72] The written consent of Issiah Meler is attached hereto as Exhibit "C-9."

[73] The written consent of Kendra Osborn is attached hereto as Exhibit "C-10."

[74] The written consent of Laura Burwell is attached hereto as Exhibit "D-1."

receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[75]

89.     Plaintiff Jacob Miller worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Miller did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[76]

90.     Plaintiff Shawn Whalen worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Whalen did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[77]

91.     Plaintiff Benjamin Mertz worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Mertz did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[78]

92.     Plaintiff Chelsea Peters worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Peters did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[79]

---

[75] The written consent of Ryan McFadden is attached hereto as Exhibit "D-2."

[76] The written consent of Jacob Miller is attached hereto as Exhibit "D-3."

[77] The written consent of Shawn Whalen is attached hereto as Exhibit "D-4."

[78] The written consent of Benjamin Mertz is attached hereto as Exhibit "D-5."

[79] The written consent of Chelsea Peters is attached hereto as Exhibit "D-6."

93. Plaintiff Jamie Smith worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Smith did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[80]

94. Plaintiff Nichole Hardachre worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Hardachre did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[81]

95. Plaintiff Joe Blaker worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Blaker did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[82]

96. Plaintiff Darian Claringbold worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Claringbold did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[83]

97. Plaintiff David Wybo worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Wybo did not receive all duly

---

[80] The written consent of Jamie Smith is attached hereto as Exhibit "D-7."

[81] The written consent of Nichole Hardachre is attached hereto as Exhibit "D-8."

[82] The written consent of Joe Blaker is attached hereto as Exhibit "D-9."

[83] The written consent of Darian Claringbold is attached hereto as Exhibit "D-10."

owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[84]

98.     Plaintiff Katlyn Blake worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Blake did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[85]

99.     Plaintiff Keith E. Buell, III, worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff Buell did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[86]

100.     Plaintiff Joshua VanTol worked for Menard, Inc. in the State of Michigan within the meaning of the FLSA and the within the relevant time period. Plaintiff VanTol did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[87]

**E.     Wisconsin Plaintiffs**

101.     Plaintiff Aaron Dobbs worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Dobbs did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[88]

---

[84] The written consent of David Wybo is attached hereto as Exhibit "D-11."

[85] The written consent of Katlyn Blake is attached hereto as Exhibit "D-12."

[86] The written consent of Keith E. Buell, III is attached hereto as Exhibit "D-13."

[87] The written consent of Joshua VanTol is attached hereto as Exhibit "D-14."

[88] The written consent of Aaron Dobbs is attached hereto as Exhibit "E-1."

102.     Plaintiff Chad Foss worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Foss did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[89]

103.     Plaintiff Ben Gammon worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Gammon did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[90]

104.     Plaintiff Rosana Hernandez worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Hernandez did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[91]

105.     Plaintiff Stephanie Leipnitz worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Leipnitz did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[92]

106.     Plaintiff Chris Rosek worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff

---

[89] The written consent of Chad Foss is attached hereto as Exhibit "E-2."

[90] The written consent of Ben Gammon is attached hereto as Exhibit "E-3."

[91] The written consent of Rosana Hernandez is attached hereto as Exhibit "E-4."

[92] The written consent of Stephanie Leipnitz is attached hereto as Exhibit "E-5."

Rosek did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[93]

107.    Plaintiff Jason McCoy worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff McCoy did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[94]

108.    Plaintiff Justin Ness worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Ness did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[95]

109.    Plaintiff Eric Pevan worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Pevan did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[96]

110.    Plaintiff Eric Pinkston worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Pinkston did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[97]

---

[93] The written consent of Chris Rosek is attached hereto as Exhibit "E-6."

[94] The written consent of Jason McCoy is attached hereto as Exhibit "E-7."

[95] The written consent of Justin Ness is attached hereto as Exhibit "E-8."

[96] The written consent of Eric Pevan is attached hereto as Exhibit "E-9."

[97] The written consent of Eric Pinkston is attached hereto as Exhibit "E-10."

111.     Plaintiff Clayton Zalewski worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Zalewski did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[98]

112.     Plaintiff Scott Seibert worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Seibert did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[99]

113.     Plaintiff Adam Skrypek worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Skrypek did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[100]

114.     Plaintiff Brianna Wise worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Wise did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[101]

115.     Plaintiff Michael Siegert worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff

---

[98] The written consent of Clayton Zalewski is attached hereto as Exhibit "E-11."

[99] The written consent of Scott Seibert is attached hereto as Exhibit "E-12."

[100] The written consent of Adam Skrypek is attached hereto as Exhibit "E-13."

[101] The written consent of Brianna Wise is attached hereto as Exhibit "E-14."

Siegert did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[102]

116.    Plaintiff Anthony Scott worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Scott did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[103]

117.    Plaintiff Manuel Gonzales worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Gonzales did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[104]

118.    Plaintiff Elijah Ambrose worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Ambrose did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[105]

119.    Plaintiff Thomas Hager worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Hager did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[106]

---

[102] The written consent of Michael Siegert is attached hereto as Exhibit "E-15."

[103] The written consent of Anthony Scott is attached hereto as Exhibit "E-16."

[104] The written consent of Manuel Gonzales is attached hereto as Exhibit "E-17."

[105] The written consent of Elijah Ambrose is attached hereto as Exhibit "E-18."

[106] The written consent of Thomas Hager is attached hereto as Exhibit "E-19."

120.     Plaintiff Tate Alexander worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Alexander did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[107]

121.     Plaintiff Bandon Johnson worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Johnson did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[108]

122.     Plaintiff Ethan Truitt worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Truitt did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[109]

123.     Plaintiff Hannah Turner worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Turner did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[110]

124.     Plaintiff Nichole Weiss worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff

---

[107] The written consent of Tate Alexander is attached hereto as Exhibit "E-20."

[108] The written consent of Brandon Johnson is attached hereto as Exhibit "E-21."

[109] The written consent of Ethan Truitt is attached hereto as Exhibit "E-22."

[110] The written consent of Hannah Turner is attached hereto as Exhibit "E-23."

Weiss did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[111]

125.    Plaintiff Kimberly Gratz worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Gratz did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[112]

126.    Plaintiff Amanda Kuehnhold worked for Menard, Inc. within the meaning of the FLSA and the Wisconsin Laws within the State of Wisconsin and within the relevant time period. Plaintiff Kuehnhold did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[113]

**F.    Missouri Plaintiffs**

127.    Plaintiff Chris Carter worked for Menard, Inc. in the State of Missouri within the meaning of the FLSA and the MMWL, and within the relevant time period. Plaintiff Carter did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[114]

128.    Plaintiff Matthew Conner worked for Menard, Inc. in the State of Missouri within the meaning of the FLSA and the MMWL, and within the relevant time period. Plaintiff Conner did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[115]

---

[111] The written consent of Nichole Weiss is attached hereto as Exhibit "E-24."

[112] The written consent of Kimberly Gratz is attached hereto as Exhibit "E-25."

[113] The written consent of Amanda Kuehnhold is attached hereto as Exhibit "E-26."

[114] The written consent of Chris Carter is attached hereto as Exhibit "F-1."

[115] The written consent of Matthew Conner is attached hereto as Exhibit "F-2."

129.    Plaintiff Scott Layton worked for Menard, Inc. in the State of Missouri within the meaning of the FLSA and the MMWL, and within the relevant time period.  Plaintiff Layton did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[116]

130.    Plaintiff Robyn Edison worked for Menard, Inc. in the State of Missouri within the meaning of the FLSA and the MMWL, and within the relevant time period.  Plaintiff Edison did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[117]

131.    Plaintiff Krista Erikson worked for Menard, Inc. in the State of Missouri within the meaning of the FLSA and the MMWL, and within the relevant time period. Plaintiff Erikson did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[118]

132.    Plaintiff Nancy Gilenwater worked for Menard, Inc. in the State of Missouri within the meaning of the FLSA and the MMWL, and within the relevant time period. Plaintiff Gilenwater did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[119]

133.    Plaintiff Auston Pickard worked for Menard, Inc. in the State of Missouri within the meaning of the FLSA and the MMWL, and within the relevant time period.  Plaintiff Pickard did not

---

[116] The written consent of Scott Layton is attached hereto as Exhibit "F-3."

[117] The written consent of Robyn Edison is attached hereto as Exhibit "F-4."

[118] The written consent of Krista Erikson is attached hereto as Exhibit "F-5."

[119] The written consent of Nancy Gilenwater is attached hereto as Exhibit "F-6."

receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[120]

134.    Plaintiff Merlyn Sheldon worked for Menard, Inc. in the State of Missouri within the meaning of the FLSA and the MMWL, and within the relevant time period. Plaintiff Sheldon did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[121]

135.    Plaintiff Chadwick Weld worked for Menard, Inc. in the State of Missouri within the meaning of the FLSA and the MMWL, and within the relevant time period.  Plaintiff Weld did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[122]

136.    Plaintiff Jacob Hilton worked for Menard, Inc. in the State of Missouri within the meaning of the FLSA and the MMWL, and within the relevant time period.  Plaintiff Hilton did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[123]

**G.    North Dakota Plaintiffs**

137.    Plaintiff Mary Wilson worked for Menard, Inc. in the State of North Dakota within the meaning of the FLSA and the North Dakota Codes, and within the relevant time period. Plaintiff Wilson did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[124]

---

[120] The written consent of Auston Pickard is attached hereto as Exhibit "F-7."

[121] The written consent of Merlyn Sheldon is attached hereto as Exhibit "F-8."

[122] The written consent of Chadwick Weld is attached hereto as Exhibit "F-9."

[123] The written consent of Jacob Hilton is attached hereto as Exhibit "F-10."

[124] The written consent of Mary Wilson is attached hereto as Exhibit "G-1."

138.     Plaintiff Chelsea Fergusen worked for Menard, Inc. in the State of North Dakota within the meaning of the FLSA and the North Dakota Codes, and within the relevant time period. Plaintiff Wilson did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[125]

139.     Plaintiff Raymond Kern worked for Menard, Inc. in the State of North Dakota within the meaning of the FLSA and the North Dakota Codes, and within the relevant time period. Plaintiff Kern did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[126]

140.     Plaintiff Kristian Schuit worked for Menard, Inc. in the State of North Dakota within the meaning of the FLSA and the North Dakota Codes, and within the relevant time period. Plaintiff Schuit did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[127]

**H.     South Dakota Plaintiffs**

141.     Plaintiff Karissa Pervine worked for Menard, Inc. in the State of South Dakota within the meaning of the FLSA and within the relevant time period. Plaintiff Pervine did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[128]

**I.     Wyoming Plaintiffs**

---

[125] The written consent of Chelsea Fergusen is attached hereto as Exhibit "G-2."

[126] The written consent of Raymond Kern is attached hereto as Exhibit "G-3."

[127] The written consent of Kristian Schuit is attached hereto as Exhibit "G-34"

[128] The written consent of Karissa Pervine is attached hereto as Exhibit "H-1."

142.    Plaintiff Lance Heisler worked for Menard, Inc. in the State of Wyoming within the meaning of the FLSA, and within the relevant time period. Plaintiff Heisler did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[129]

143.    Plaintiff Richard William Stanley worked for Menard, Inc. in the State of Wyoming within the meaning of the FLSA, and within the relevant time period. Plaintiff Stanely did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[130]

**J.    Nebraska Plaintiffs**

144.    Plaintiff Preston Booty worked for Menard, Inc. in the State of Nebraska within the meaning of the FLSA and the Nebraska Acts, and within the relevant time period. Plaintiff Booty did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[131]

145.    Plaintiff Clayton Wuestwald worked for Menard, Inc. in the State of Nebraska within the meaning of the FLSA and the Nebraska Acts, and within the relevant time period. Plaintiff Wuestwald did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[132]

146.    Plaintiff Lincoln Booth worked for Menard, Inc. in the State of Nebraska within the meaning of the FLSA and the Nebraska Acts, and within the relevant time period. Plaintiff Booth

---

[129] The written consent of Lance Heisler is attached hereto as Exhibit "I-1."

[130] The written consent of Richard William Stanley is attached hereto as Exhibit "I-2."

[131] The written consent of Preston Booty is attached hereto as Exhibit "J-1."

[132] The written consent of Clayton Wuestwald is attached hereto as Exhibit "J-2."

did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[133]

**K.     Kansas Plaintiffs**

147.    Plaintiff Jaime Pitzer worked for Menard, Inc. in the State of Kansas within the meaning of the FLSA and the KWCA, and within the relevant time period.  Plaintiff Pitzer did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[134]

148.    Plaintiff Stevie Weigand worked for Menard, Inc. in the State of Kansas within the meaning of the FLSA and the KWCA, and within the relevant time period.  Plaintiff Weigand did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[135]

**L.     Indiana Plaintiffs**

149.    Plaintiff Paul Risley worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Risley did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[136]

150.    Plaintiff Ashley Grahl worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Grahl

---

[133] The written consent of Lincoln Booth is attached hereto as Exhibit "J-3."

[134] The written consent of Jaime Pitzer is attached hereto as Exhibit "K-1."

[135] The written consent of Stevie Weigand is attached hereto as Exhibit "K-2."

[136] The written consent of Paul Risley is attached hereto as Exhibit "L-1."

did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[137]

151. Plaintiff Dylan Perney worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Perney did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[138]

152. Plaintiff Zachary Auler worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Auler did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[139]

153. Plaintiff Raymond Young worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Young did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[140]

154. Plaintiff Patrick Garver worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Garver did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[141]

---

[137] The written consent of Ashley Grahl is attached hereto as Exhibit "L-2."

[138] The written consent of Dylan Perney is attached hereto as Exhibit "L-3."

[139] The written consent of Zachary Auler is attached hereto as Exhibit "L-4."

[140] The written consent of Raymond Young is attached hereto as Exhibit "L-5."

[141] The written consent of Patrick Garver is attached hereto as Exhibit "L-6."

155. Plaintiff Michael Darden worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Darden did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[142]

156. Plaintiff Logan Austin worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Austin did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[143]

157. Plaintiff Adam Blue worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Blue did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[144]

158. Plaintiff Troy Chrisman worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Chrisman did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[145]

159. Plaintiff Nathan Crowther worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff

---

[142] The written consent of Michael Darden is attached hereto as Exhibit "L-7."

[143] The written consent of Logan Austin is attached hereto as Exhibit "L-8."

[144] The written consent of Adam Blue is attached hereto as Exhibit "L-9."

[145] The written consent of Troy Chrisman is attached hereto as Exhibit "L-10."

Crowther did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[146]

160. Plaintiff Matthew Freville worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Freville did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[147]

161. Plaintiff Walter Higgins worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Higgins did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[148]

162. Plaintiff Erica Jaggers worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Jaggers did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[149]

163. Plaintiff Kevin McFarland worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff McFarland did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[150]

---

[146] The written consent of Nathan Crowther is attached hereto as Exhibit "L-11."

[147] The written consent of Mathew Freville is attached hereto as Exhibit "L-12."

[148] The written consent of Walter Higgins is attached hereto as Exhibit "L-13."

[149] The written consent of Erica Jaggers is attached hereto as Exhibit "L-14."

[150] The written consent of Kevin McFarland is attached hereto as Exhibit "L-15."

164.     Plaintiff Michael Moffat worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Moffat did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[151]

165.     Plaintiff Woodrow Nasser worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Nasser did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[152]

166.     Plaintiff Tyler Benskin worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Benskin did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[153]

167.     Plaintiff Chad Whitehead worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Whitehead did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[154]

168.     Plaintiff Anthony Wyrick worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Wyrick

---

[151] The written consent of Michael Moffat is attached hereto as Exhibit "L-16."

[152] The written consent of Woodrow Nasser is attached hereto as Exhibit "L-17."

[153] The written consent of Tyler Benskin  is attached hereto as Exhibit "L-18."

[154] The written consent of Chad Whitehead is attached hereto as Exhibit "L-19."

did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[155]

169.    Plaintiff Cresensia Bostic worked for Menard, Inc. in the State of Indiana within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Bostic did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[156]

**M.    Minnesota Plaintiffs**

170.    Plaintiff Nic Thissen worked for Menard, Inc. in the State of Minnesota within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Thissen did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[157]

171.    Plaintiff Megan Farm worked for Menard, Inc. in the State of Minnesota within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Farm did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[158]

172.    Plaintiff Barbara Sather worked for Menard, Inc. in the State of Minnesota within the meaning of the FLSA and the Indiana Statute, and within the relevant time period.  Plaintiff Sather did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[159]

---

[155] The written consent of Anthony Wyrick is attached hereto as Exhibit "L-20."

[156] The written consent of Cresensia Bostic  is attached hereto as Exhibit "L-21."

[157] The written consent of Nic Thissen is attached hereto as Exhibit "M-1."

[158] The written consent of Megan Farm is attached hereto as Exhibit "M-2."

[159] The written consent of Barbara Sather is attached hereto as Exhibit "M-3."

173.     Plaintiff Nichole Trebesch worked for Menard, Inc. in the State of Minnesota within the meaning of the FLSA and the Indiana Statute, and within the relevant time period. Plaintiff Trebesch did not receive all duly owed wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek.[160]

174.     The Putative Class Members include those current and former employees who worked for Menards during the relevant time period and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

175.     Menard, Inc. ("Menards") is a foreign corporation with its principal office in Wisconsin and licensed to and doing business in Ohio. Menard may be served through its registered agent for service of process: **Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.**

**III.**
**JURISDICTION & VENUE**

176.     This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et seq.*

177.     This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

178.     This Court has personal jurisdiction over Menards because the cause of action arose within this District as a result of Menards' conduct within this District.

179.     Venue is proper in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[160] The written consent of Nichole Trebesch is attached hereto as Exhibit "M-4."

180.     Specifically, Menards has maintained a working presence throughout the State of Ohio, and Plaintiff Griffith resided in Laurelville, Hocking County, Ohio throughout her employment with Menards, all of which are located in this District and Division.

181.     Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

182.     Menards is headquartered in Eau Claire, Wisconsin and has more than 300 home improvement stores located in fourteen states, including: Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Wisconsin, and Wyoming.[161]

183.     Founded in 1958, Menards has grown from a local Wisconsin barn raising operation into "the retail home center leader of the Midwest."[162] In fact, in addition to owning and operating more than 300 retail stores, Menards also operates four Distribution Centers to service its retail stores and has manufacturing facilities wherein it manufactures tresses, steel siding and roofing, doors, composite decking, stone and block, fasteners and countertops.[163]

184.     To continue its operations, Menards employs over 45,000 non-exempt individuals—Plaintiffs and the Putative Class Members—throughout the Midwest.[164] These individuals work in Menards' retail stores, distribution centers, and manufacturing facilities.

185.     Menards pays Plaintiffs and the Putative Class Members an hourly rate but fails to compensate them for all hours worked each week.  This failure to pay for all hours worked not only

---

[161] https://www.menards.com/main/footer/company-information/about-us/c-3582.htm.

[162] https://www.menards.com/main/footer/company-information/about-us/our-history/c-3588.htm.

[163] *Id.*

[164] https://www.menards.com/main/footer/company-information/about-us/c-3582.htm.

constitutes an underpayment of wages, it creates a miscalculation of Plaintiffs and the Putative Class Members' regular rates of pay for the purpose of overtime compensation.

186.    Plaintiffs and the Putative Class Members regularly worked over forty hours per week and were not paid the correct amount of overtime compensation for all hours worked over forty in a workweek.

187.    The FLSA and Ohio, Illinois, Wisconsin, Missouri, North Dakota, Nebraska, Kansas, and Indiana state wage and hour laws mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

188.    Menards denied Plaintiffs and the Putative Class Members their appropriate wages and overtime pay as a result of widely applicable and illegal pay practices. Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received the correct compensation.

189.    Menards applied these pay practices despite clear and controlling law that states that (a) break periods lasting twenty-minutes or less are compensable time and must be paid; (b) meetings required by the employer are compensable time and must be paid; and (c) time spent training must be paid.

190.    Accordingly, Menards' pay policies and practices blatantly violated (and continue to violate) the FLSA and Ohio, Illinois, Wisconsin, Missouri, North Dakota, Nebraska, Kansas, and Indiana state law.

## A.    MENARDS IMPERMISSIBLY REQURIES PLAINTIFFS AND PUTATIVE CLASS MEMBERS TO CLOCK OUT FOR ALL REST BREAKS

191.    Specifically, Menards enforces a uniform company-wide policy that impermissibly requires Plaintiffs and the Putative Class Members to clock out for their rest breaks throughout the day, does not pay them any amount of time for those rest breaks, and does not count their rest

breaks towards their total hours worked each week. This violation affects all Plaintiffs and Putative Class Members irrespective of the location or the type of Menards facility they work in.

192.    For instance, Plaintiffs and Putative Class Members that work in Menards' retail stores are required to clock out every time they enter the restroom, break room, or leave the store premises, and are required to clock back in once they reach the "floor" or the area of the store that is open to Menards' customers. This deduction occurs even if the break lasts only a few minutes.

193.    Plaintiffs and Putative Class Members working in Menards' distribution centers and manufacturing facilities are equally subjected to Menards' uniform company-wide policy wherein they are forced to clock out every time they leave the work area. Menards has its restrooms and break rooms set up so that Plaintiffs and the Putative Class Members must swipe their badges through the time clock to unlock a turnstile to allow them access to the break room, restrooms, vending machines, and employee lockers.

194.    Menards' company-wide policy requiring Plaintiffs and the Putative Class Members to clock out for all breaks, including breaks of twenty minutes or less, blatantly violates federal and state law and results in Menards not paying Plaintiffs and the Putative Class Members for all hours worked.

195.    Menards' failure to count (and pay for) all hours worked further causes it to miscalculate Plaintiffs and the Putative Class Members' regular rates of pay for purposes of overtime compensation such that Plaintiffs and the Putative Class Members have not been paid one and one half their regular rate of pay for all hours worked over forty in a single workweek.

B. **MENARDS' IN-HOME TRAINING PROGRAMS FORCES PLAINTIFFS AND PUTATIVE CLASS MEMBERS TO PERFORM WORK OFF THE CLOCK AND WITHOUT COMPENSATION**

196. Menards' In-Home Training ("IHT") Program is designed to "help Team Members increase their knowledge of products and job duties in their department" with the stated goal of providing better service to Menards' customers.[165]

197. Plaintiffs and the Putative Class Members are instructed and encouraged to access the IHT Program during non-work hours, while they are at home. Participation in the IHT program is not voluntary because a failure to successfully take and pass the tests available through the IHT system directly impacts Plaintiffs and Putative Class Members' ability to move up the ladder and advance their career at Menards.

198. The informational materials available through the IHP program directly relate to Plaintiffs and the Putative Class Members' daily job duties and are intended to help Plaintiffs and Putative Class Members handle their jobs more efficiently. As such, the training available through the IHP program constitutes productive work performed at a location other than the job site.

199. Because Plaintiffs and the Putative Class Members' time spent working on the IHP program from home is compensable time, Menards' failure to pay Plaintiffs and Putative Class Members for those hours worked, and to include those hours into the calculation of their regular rates of pay for purposes of overtime calculation constitutes a violation of federal and state laws.

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

A. **FLSA COVERAGE**

200. All previous paragraphs are incorporated as though fully set forth herein.

---

[165] https://www.menards.com/main/why-menards-careers/c-14027.htm.

201.    The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR MENARD, INC., AT ANY TIME FROM JANUARY 31, 2015 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT (A) WERE REQUIRED TO CLOCK OUT FOR REST BREAKS, (B) WERE REQUIRED TO CLOCK OUT FOR MEETINGS, AND/OR (C) PARTICIPATED IN THE IN-HOME TRAINING PROGRAM. ("FLSA Collective" or "FLSA Collective Members").**

202.    At all times hereinafter mentioned, Menards has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

203.    At all times hereinafter mentioned, Menards has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

204.    At all times hereinafter mentioned, Menards has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

205.    During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Menards, these individuals provided services for Menards that involved interstate commerce for purposes of the FLSA.

206.    In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

207.    Specifically, Plaintiffs and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Menards and were engaged manufacturing, distributing, or selling goods in the stream of commerce. *See* 29 U.S.C. § 203(j).

208.    At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

209.    In violating the FLSA, Menards acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

210.    The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 201.

211.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Menards.

## B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

212.    All previous paragraphs are incorporated as though fully set forth herein.

213.    Menards violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

214.    Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Menards' acts or omissions as described herein; though Menards is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

215. Moreover, Menards knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

216. Menards knew or should have known its pay practices were in violation of the FLSA.

217. Menards is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

218. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Menards to pay overtime in accordance with the law.

219. The decision and practice by Menards to not pay overtime was neither reasonable nor in good faith.

220. Accordingly, Plaintiffs and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

221. All previous paragraphs are incorporated as though fully set forth herein.

222. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiffs.

223. Other similarly situated employees have been victimized by Menards' patterns, practices, and policies, which are in willful violation of the FLSA.

224. The FLSA Collective Members are defined in Paragraph 201.

225. Menards' failure to pay for all hours worked results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

226.    Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

227.    The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

228.    All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

229.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt hourly workers entitled to overtime after forty (40) hours in a week.

230.    Menards has employed thousands of similarly situated workers during the relevant time period.

231.    Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Menards will retain the proceeds of its rampant violations.

232.    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

233.    Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 201 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Ohio Acts)

**A.    OHIO ACTS COVERAGE**

234.    All previous paragraphs are incorporated as though fully set forth herein.

235.    The Ohio Acts Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR MENARD, INC., IN THE STATE OF OHIO AT ANY TIME FROM JANUARY 31, 2016 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT (A) WERE REQUIRED TO CLOCK OUT FOR REST BREAKS, (B) WERE REQUIRED TO CLOCK OUT FOR MEETINGS, AND/OR (C) PARTICIPATED IN THE IN-HOME TRAINING PROGRAM. ("Ohio Acts Class" or "Ohio Acts Class Members").**

236. At all times hereinafter mentioned, Menards has been an employer within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(2).

237. At all times hereinafter mentioned, the Ohio Plaintiffs and the Ohio Acts Class members have been employees within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

238. The Ohio Plaintiffs and the Ohio Acts Class Members were or have been employed by Menards since January 31, 2016, and have been covered employees entitled to the protections of the Ohio Acts and were not exempt from the protections of the Ohio Acts.

239. The employer, Menards, is not exempt from paying overtime benefits under the Ohio Acts.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS**

240. All previous paragraphs are incorporated as though fully set forth herein.

241. The OMFWSA requires that employees, including the Ohio Plaintiffs and the Ohio Acts Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* O.R.C. § 4111.03.

242. The OPPA requires that Menards pay the Ohio Plaintiffs and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15.

243. The Ohio Plaintiffs and the Ohio Acts Class Members were or have been employed by Menards since January 31, 2016, and have been covered employees entitled to the protections of the Ohio Acts.

244. Menards is an employer covered by the requirements set forth in the Ohio Acts.

245. The Ohio Plaintiffs and other Ohio Acts Class Members have not been exempt from receiving overtime benefits under the Ohio Acts.

246. The Ohio Plaintiffs and the Ohio Acts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Menards violated the Ohio Acts by failing to pay the Ohio Plaintiffs and other Ohio Acts Class Members their hourly wage for all hours worked.

247. The Ohio Plaintiffs and the Ohio Acts Class Members were not paid the correct amount of overtime compensation for all hours worked over 40 per week.

248. Further, the Ohio Plaintiffs and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

249. The wages of the Ohio Plaintiffs and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

250. The Ohio Plaintiffs and the Ohio Acts Class Members have suffered damages and continue to suffer damages as a result of Menards' acts or omissions as described herein; though Menards is in possession and control of necessary documents and information from which the Ohio Plaintiffs would be able to precisely calculate damages. *See* O.R.C. § 4111.10.

251. In violating the Ohio Acts, Menards acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

252.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Ohio Acts, is defined in Paragraph 235.

253.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Menards.

## C.     OHIO ACTS CLASS ALLEGATIONS

254.     All previous paragraphs are incorporated as though fully set forth herein.

255.     The Ohio Plaintiffs bring their Ohio Acts claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Menards to work in Ohio since January 31, 2016.

256.     Class action treatment of the Ohio Plaintiffs' Ohio Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

257.     The number of Ohio Acts Members is so numerous that joinder of all class members is impracticable.

258.     The Ohio Plaintiffs are members of the Ohio Acts Class, their claims are typical of the claims of other Ohio Acts Class Members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

259.     The Ohio Plaintiffs and their counsel will fairly and adequately represent the Ohio Acts Class Members and their interests.

260.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

261.     Accordingly, the Ohio Acts Class should be certified as defined in Paragraph 235.

## COUNT THREE
### (Class Action Alleging Violations of the Illinois Acts)

**A.  ILLINOIS ACTS COVERAGE**

262.  All previous paragraphs are incorporated as though fully set forth herein.

263.  The Illinois Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR MENARD, INC., AT ANY TIME FROM JANUARY 31, 2013 THROUGH THE FINAL DISPOSITION OF THIS CASE IN THE STATE OF ILLINOIS, AND WERE PAID HOURLY BUT (A) WERE REQUIRED TO CLOCK OUT FOR REST BREAKS, (B) WERE REQUIRED TO CLOCK OUT FOR MEETINGS, AND/OR (C) PARTICIPATED IN THE IN-HOME TRAINING PROGRAM. ("Illinois Class" or "Illinois Class Members")**

264.  At all times hereinafter mentioned, Menards was and has been an "employer" within the meaning of the Illinois Acts. *See* 820 ILCS § 115/1; *see also* 820 ILCS § 105/3(c)–(d).

265.  At all times hereinafter mentioned, the Illinois Plaintiffs and the Illinois Class Members have been employees within the meaning of the Illinois Acts. *See id.*

266.  The Illinois Plaintiffs and the Illinois Class Members were or have been employed by Menards since January 31, 2013, and have been covered employees entitled to the protections of the Illinois Acts and were not exempt from the protections of the Illinois Acts.

267.  The employer, Menards, is not exempt from paying minimum wage and overtime benefits under the Illinois Acts.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ILLINOIS ACTS**

268.  All previous paragraphs are incorporated as though fully set forth herein.

269.  The Illinois Acts require employers like Menards to pay wages for all hours worked. *See* 820 ILCS § 105/12; *see also* 820 ILCS § 115/3.

270.  The Illinois Plaintiffs and Illinois Class Members are **_non-exempt_** employees who are entitled to be paid for all hours worked. *See id.*

271.     Menards has a company-wide policy and practice of failing to pay the Illinois Plaintiffs and Illinois Class Members for all hours worked. 820 ILCS § 105/5.

272.     Menards has a continuing policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek. *See* 820 ILCS § 105/4a.

273.     Menards has a continuing policy and practice of making impermissible and illegal uniform deductions from Illinois Plaintiffs the Illinois Class Members' paychecks in violation of the Illinois Acts. *See* 820 ILCS § 115/9

274.     As a result of Menards' illegal and company-wide policies applicable to the Illinois Plaintiffs and Illinois Class Members' wages, and its failure to pay the applicable minimum wage and overtime wages to the Illinois Class Members, Menards violated the Illinois Acts.

275.     Menards' impermissible deductions, its failure to pay for all hours worked, and failure to pay overtime wages for all hours worked in excess of forty (40) in a workweek to the Illinois Class Members who performed work on behalf of Menards in Illinois is part of a continuing course of conduct.

276.     The Illinois Plaintiffs and Illinois Class Members who performed work on behalf of Menards in Illinois are entitled to invoke the benefits of the Illinois Acts, including but not limited to 820 ILCS § 105/12(a); 820 ILCS § 115/14; 820 ILCS § 115/11; and 815 ILCS § 205/2.

277.     As a result, this action, "may encompass all violations that occurred as part of Menards' continuing course of conduct regardless of the date on which they occurred."

278.     The Illinois Plaintiffs and Illinois Class Members have suffered damages and continue to suffer damages as a result of Menards' acts or omissions described herein; though Menards is in possession and control of necessary documents and information from which the Illinois Class Members would be able to precisely calculated damages.

279. The Illinois Plaintiffs and Illinois Class Members seek the amount of their underpayments based on Menards' impermissible deductions, failure to pay the minimum wage for all hours worked, failure to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from Menards' willful conduct as the Court deems just and proper.

280. Accordingly, the Illinois Acts Class should be certified as defined in Paragraph 263.

## C.  ILLINOIS CLASS ALLEGATIONS

281. The Illinois Plaintiffs bring their state law claims on behalf of all Menards' employees, as defined in Paragraph 263, in Illinois pursuant to Federal Rule of Civil Procedure 23 (the "Illinois Class").

282. On information and belief, Menards has employed thousands of hourly employees in Illinois during the past five (5) years.

283. These workers are geographically dispersed, residing and working across the State of Illinois.

284. The Illinois Plaintiffs will fairly and adequately protect the interests of the Illinois Class.

285. The Illinois Plaintiffs retained counsel who is experienced and competent in class action and employment litigation.

286. The Illinois Plaintiffs have no relevant interest contrary to, or in conflict with, the members of the class.

287. Just like each member of the proposed classes, the Illinois Plaintiffs have an interest in obtaining the unpaid wages owed under Illinois State Law.

288. A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

289.    Absent these actions, many members of the classes likely will not obtain redress of their injuries and Menards will retain the proceeds of its violations of the Illinois Acts.

290.    Furthermore, even if particular members of the class could afford individual litigation against Menards, it would be unduly burdensome to the judicial system.

291.    Consolidating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

292.    There is a well-defined community of interest in the questions of law and fact affecting the Illinois Class as a whole.

293.    The questions of law and fact common to the Illinois Class predominate over any questions affecting solely the individual members.

294.    The Illinois Plaintiffs' claims are typical of the claims of members of the classes. The Illinois Plaintiffs and the Illinois Class Members have all sustained damages arising out of Menards' wrongful and uniform employment policies.

295.    The Illinois Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as class action.

## COUNT FOUR
### (Class Action Alleging Violations of the Wisconsin Laws)

**A.    WISCONSIN LAWS COVERAGE**

296.    All previous paragraphs are incorporated as though fully set forth herein.

297.    The Wisconsin Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR MENARD, INC., IN THE STATE OF WISCONSIN AT ANY TIME FROM JANUARY 31, 2016 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT (A) WERE REQUIRED TO CLOCK OUT FOR REST BREAKS, (B) WERE REQUIRED TO CLOCK OUT FOR MEETINGS, AND/OR (C) PARTICIPATED IN THE IN-HOME TRAINING PROGRAM. ("Wisconsin Class" or "Wisconsin Class Members")**

298. At all times hereinafter mentioned, Menards has been an employer within the meaning of Wisconsin Statute §§ 103.001(6) and 109.01(2) and subject to the requirements of Wisconsin Administrative Code DWD 272 and 274.

299. At all times hereinafter mentioned, the Wisconsin Plaintiffs and the Wisconsin Class Members have been employees within the meaning of Wisconsin Statute § 103.001(5) and 109.01(1r) and entitled to the protections of Wisconsin Administrative Code DWD 272 and 274 and Chapters 103 and 109 of the Wisconsin Statutes.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE WISCONSIN LAWS**

300. All previous paragraphs are incorporated as though fully set forth herein.

301. The Wisconsin Laws requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* Wis. Stat. § 109.03(5); Wis. Admin. Code DWD § 274.03.

302. The Wisconsin Plaintiffs and the Wisconsin Class Members have not been exempt from receiving overtime benefits under the Wisconsin Laws

303. The Wisconsin Plaintiffs and the Wisconsin Class Members were impermissibly forced to work off the clock as a result of Menards' company-wide policy of requiring its hourly non-exempt employees to clock out to access the break area, attend mandatory meetings, and participate in its employee training program. As such, the uncompensated time spent on short rest breaks, meeting times, and training times should have been compensated at an overtime rate of pay under section 109.03(5) of the Wisconsin Statutes and Wisconsin Administrative Code DWD § 274.03.

304. Menards further violates the Wisconsin Laws because it willfully failed to pay its employees all wages due within the time specified by law. *See* Wis. Stat. § 109.03.

305.    Wisconsin Statute § 109 provides that if an employer willfully fails to timely pay wages that are due, the employer is liable to the employee for the full wages, plus increased wages. *See id.* at § 109.11(2).

306.    The Wisconsin Plaintiffs and the Wisconsin Class Members have suffered damages and continue to suffer damages as a result of Menards' acts or omissions as described herein; though Menards is in possession and control of necessary documents and information from which the Wisconsin Plaintiffs would be able to precisely calculate damages.

307.    The Wisconsin Plaintiffs, on behalf of themselves and the Wisconsin Class Members, seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Menards, as provided by Wisconsin Statute § 109.03(6). They further seek damages in the amount of the unpaid wages earned and due as provided by Wisconsin Statutes §§ 104.03 and 109.03, and any penalties due under Wisconsin Statute § 109.11.

308.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Wisconsin Laws, is defined in Paragraph 297.

309.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Menards.

## C.    WISCONSIN CLASS ALLEGATIONS

310.    The Wisconsin Plaintiffs bring their Wisconsin claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Menards to work in Wisconsin since January 31, 2016.

311.    Class action treatment of the Wisconsin Plaintiffs' claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

312.    The number of Wisconsin Class Members is so numerous that joinder of all class members is impracticable.

313.    The Wisconsin Plaintiffs are members of the Wisconsin Class, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

314.    The Wisconsin Plaintiffs and their counsel will fairly and adequately represent the class members and their interests.

315.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

316.    Accordingly, the Wisconsin Class should be certified as in Paragraph 297.

**COUNT FIVE**
**(Class Action Alleging Violations of the Missouri Minimum Wage Law)**

**A.    MISSOURI MINIMUM WAGE LAW COVERAGE**

317.    All previous paragraphs are incorporated as though fully set forth herein.

318.    The Missouri Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR MENARD, INC., IN THE STATE OF MISSOURI AT ANY TIME FROM JANUARY 31, 2016 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT (A) WERE REQUIRED TO CLOCK OUT FOR REST BREAKS, (B) WERE REQUIRED TO CLOCK OUT FOR MEETINGS, AND/OR (C) PARTICIPATED IN THE IN-HOME TRAINING PROGRAM. ("Missouri Class" or "Missouri Class Members")**

319.    At all times hereinafter mentioned, Menards has been an employer within the meaning of MMWL. R.S.Mo. §§ 290.500(3), (4).

320.    At all times hereinafter mentioned, the Missouri Plaintiffs and the Missouri Class Members have been employees within the meaning of the MMWL. R.S.Mo. §§ 290.500(3).

321. The Missouri Plaintiffs and Missouri Class Members are covered, non-exempt employees within the meaning of the MMWL.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE MMWL**

322. All previous paragraphs are incorporated as though fully set forth herein.

323. The MMWL regulates the payment of overtime wages by employers. R.S.Mo. §§ 290.500(3), 4, and 290.505.1

324. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty hours in a workweek. R.S.Mo. § 290.500(3).

325. The Missouri Plaintiffs and Missouri Class Members are victims of uniform, company-wide policies that apply equally to all members of the class.

326. Menards violated the MMWL when it failed to properly compensate the Missouri Plaintiffs and Missouri Class Members for the actual time they worked each week.

327. Menards' actions were willful and not in good faith.

328. The Missouri Plaintiffs and the Missouri Class Members have suffered damages and continue to suffer damages as a result of Menards acts or omissions as described herein; though Menards is in possession and control of necessary documents and information from which the Wisconsin Plaintiffs would be able to precisely calculate damages.

329. The Missouri Plaintiffs and the Missouri Class Members are entitled to damages equal to all unpaid wages due within two years preceding the filing of this complaint, plus periods of equitable tolling, along with an additional equal amount as liquidated damages, less any amount actually paid. R.S.Mo. § 290.527.

330. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the MMWL, is defined in Paragraph 318.

331. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Menards.

## COUNT SIX
### (Class Action Alleging Violations of the North Dakota Codes)

**A. NORTH DAKOTA CODES COVERAGE**

332. All previous paragraphs are incorporated as though fully set forth herein.

333. The North Dakota Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR MENARD, INC., IN THE STATE OF NORTH DAKOTA AT ANY TIME FROM JANUARY 31, 2016 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT (A) WERE REQUIRED TO CLOCK OUT FOR REST BREAKS, (B) WERE REQUIRED TO CLOCK OUT FOR MEETINGS, AND/OR (C) PARTICIPATED IN MENARDS' IN-HOME TRAINING PROGRAM. ("North Dakota Class" or "North Dakota Class Members").**

334. At all times hereinafter mentioned, Menards has been an employer within the meaning of the North Dakota Administrative Code, NDAC § 34-06-01(3).

335. At all times hereinafter mentioned, North Dakota Plaintiffs and the North Dakota Class members have been employees within the meaning of the North Dakota Administrative Code, NDAC § 34-06-01(2).

336. The North Dakota Plaintiffs and the North Dakota Class Members were or have been employed by Menards since January 31, 2016, and have been covered employees entitled to the protections of the North Dakota Administrative Code and the North Dakota Century Code and were not exempt from the protections of the Codes. *See* NDCC, 46-02-07-02.4.

337. The employer, Menards, is not exempt from paying overtime benefits under the North Dakota Codes. *See* NDCC, 46-02-07-02.4 and 46-03.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NORTH DAKOTA CODES**

338. All previous paragraphs are incorporated as though fully set forth herein.

339.     The North Dakota Codes require that employees, including North Dakota Plaintiffs and the North Dakota Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* NDCC, 46-02-07-02.4.

340.     The North Dakota Codes further requires that Menards pay North Dakota Plaintiffs and the North Dakota Class Members all wages, including unpaid overtime, at least once each calendar month on regular agreed paydays designated in advance by the employer. NDAC, 34-14-02.

341.     The North Dakota Plaintiffs and the North Dakota Class Members were or have been employed by Menards since January 31, 2016, and have been covered employees entitled to the protections of the North Dakota Codes.

342.     Menards is an employer covered by the requirements set forth in the North Dakota Codes.

343.     The North Dakota Plaintiffs and other North Dakota Class Members have not been exempt from receiving overtime benefits under the North Dakota Codes.

344.     The North Dakota Plaintiffs and the North Dakota Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Menards violated the North Dakota Codes by failing to pay North Dakota Plaintiffs and other North Dakota Class Members their hourly wage for all hours worked.

345.     The North Dakota Plaintiffs and the North Dakota Class Members were not paid the correct amount of overtime compensation for all hours worked over 40 per week.

346.     Further, the North Dakota Plaintiffs and the North Dakota Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

347.     The wages of the North Dakota Plaintiffs and the North Dakota Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

348. The North Dakota Plaintiffs and the North Dakota Class Members have suffered damages and continue to suffer damages as a result of Menards' acts or omissions as described herein; though Menards is in possession and control of necessary documents and information from which North Dakota Plaintiffs would be able to precisely calculate damages.

349. The North Dakota Plaintiffs, on behalf of themselves and the North Dakota Class Members, seek recovery of the unpaid wages earned and due, interest on the unpaid wages from the date the wages are due until payment is made in full at the rate as established by NDAC Section 47-14-09, and an amount equal to treble the North Dakota Plaintiffs and North Dakota Class Members' unpaid wages, as provided by NDAC, 34-14-09.1.

350. In violating the North Dakota Codes, Menards acted willfully, without a good faith basis, and with reckless disregard of applicable North Dakota law.

351. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the North Dakota Codes is defined in Paragraph 333.

352. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Menards.

## C. NORTH DAKOTA CLASS ALLEGATIONS

353. All previous paragraphs are incorporated as though fully set forth herein.

354. The North Dakota Plaintiffs bring their North Dakota Codes claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Menards to work in North Dakota since January 31, 2016.

355. Class action treatment of the North Dakota Plaintiffs' North Dakota Codes claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

356. The number of North Dakota Class Members is so numerous that joinder of all class members is impracticable.

357. The North Dakota Plaintiffs are members of the North Dakota Class, their claims are typical of the claims of other North Dakota Class Members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

358. The North Dakota Plaintiffs and their counsel will fairly and adequately represent the North Dakota Class Members and their interests.

359. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

360. Accordingly, the North Dakota Class should be certified as defined in Paragraph 333.

**COUNT SEVEN**
**(Class Action Alleging Violations of the Nebraska Wage & Hour Act)**

**A.      NEBRASKA WAGE PAYMENT AND COLLECTION ACT COVERAGE**

361. All previous paragraphs are incorporated as though fully set forth herein.

362. The Nebraska Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR MENARD, INC., IN THE STATE OF NEBRASKA AT ANY TIME FROM JANUARY 31, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT (A) WERE REQUIRED TO CLOCK OUT FOR REST BREAKS, (B) WERE REQUIRED TO CLOCK OUT FOR MEETINGS, AND/OR (C) PARTICIPATED IN THE IN-HOME TRAINING PROGRAM. ("Nebraska Class" or "Nebraska Class Members")**

363. At all times hereinafter mentioned, Menards has been an employer within the meaning of Nebraska Wage and Hour Act, NEB. REV. ST. § 48-1202(2).

364.    At all times hereinafter mentioned, the Nebraska Plaintiffs and the Nebraska Class Members have been employees within the meaning of the Nebraska Wage and Hour Act, NEB. REV. ST. § 48-1202(3).

## B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NEBRASKA WAGE AND HOUR ACT

365.    All previous paragraphs are incorporated as though fully set forth herein.

366.    The Nebraska Wage and Hour Act requires that every employer shall pay to each of his or her employees a minimum wage of nine dollars per hour for every hour worked. NEB. REV. ST. § 48-1203(1)(c).

367.    Menards has willfully failed to pay the Nebraska Plaintiffs and the Nebraska Class Members for all hours they worked. When this off the clock time is included as time worked, Menards fails to pay the Nebraska Plaintiffs and the Nebraska Class Members the minimum wage as required by the Nebraska Wage and Hour Act.

368.    The Nebraska Plaintiffs and the Nebraska Class Members have suffered damages and continue to suffer damages as a result of Menards' acts or omissions as described herein; though Menards is in possession and control of necessary documents and information from which the Nebraska Plaintiffs would be able to precisely calculate damages.

369.    The Nebraska Plaintiffs, on behalf of themselves and the Nebraska Class Members, seek recovery of their unpaid wages, attorneys' fees, costs, and expenses of this action to be paid by Menards.

370.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Nebraska Wage and Hour Act, is defined in Paragraph 362.

371.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Menards.

**C.      NEBRASKA CLASS ALLEGATIONS**

372.      The Nebraska Plaintiffs bring their Nebraska claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Menards to work in Nebraska since January 31, 2014. *See* NEB. REV. STAT. § 25-212.

373.      Class action treatment of the Nebraska Plaintiffs' claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

374.      The number of Nebraska Class Members is so numerous that joinder of all class members is impracticable.

375.      The Nebraska Plaintiffs are members of the Nebraska Class, their claims are typical of the claims of other class members, and they has no interests that are antagonistic to or in conflict with the interests of other class members.

376.      The Nebraska Plaintiffs and their counsel will fairly and adequately represent the class members and their interests.

377.      Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

378.      Accordingly, the Nebraska Class should be certified as in Paragraph 362.

**COUNT EIGHT**
**(Class Action Alleging Violations of the Kansas Wage Payment Act)**

**A.      KANSAS WAGE PAYMENT ACT COVERAGE**

379.      All previous paragraphs are incorporated as though fully set forth herein.

380.      The Kansas Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR MENARD, INC., IN THE STATE OF KANSAS AT ANY TIME FROM JANUARY 31, 2016 THROUGH THE FINAL DISPOSITION OF THIS**

**CASE, AND WERE PAID HOURLY BUT (A) WERE REQUIRED TO CLOCK OUT FOR REST BREAKS, (B) WERE REQUIRED TO CLOCK OUT FOR MEETINGS, AND/OR (C) PARTICIPATED IN MENARDS' IN-HOME TRAINING PROGRAM. ("Kansas Class" or "Kansas Class Members").**

381.    At all times hereinafter mentioned, Menards has been an employer within the meaning of the Kansas Wage Payment Act, K.S.A. § 44-314(a).

382.    At all times hereinafter mentioned, the Kansas Plaintiffs and the Kansas Class members have been employees within the meaning of the Kansas Wage Payment Act, K.S.A. § 44-324(b).

383.    The Kansas Plaintiffs and the Kansas Class Members were or have been employed by Menards since January 31, 2016, and have been covered employees entitled to the protections of the Kansas Wage Payment Act. *See* K.S.A. §§ 44-301, *et seq.*

384.    The employer, Menards, is not exempt from paying overtime benefits under the Kansas Wage Payment Act.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH KANSAS STATE LAW**

385.    All previous paragraphs are incorporated as though fully set forth herein.

386.    The Kansas Wage Payment Act requires that employees, including Kansas Plaintiffs and the Kansas Class Members be paid for all hours worked and receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* K.S.A. § 44-315.

387.    The Kansas Plaintiffs and the Kansas Class Members were or have been employed by Menards since January 31, 2016, and have been covered employees entitled to the protections of the Kansas Wage Payment Act.

388.    Menards violated the Kansas Wage Payment Act by failing to pay employees for all hours worked and by failing to pay employees for overtime, due in part to Menards' failure to accurately and properly record and maintain records of time worked by said employees.

389.     The Kansas Plaintiffs and the Kansas Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Menards violated the Kansas Wage Payment Act by failing to pay the Kansas Plaintiffs and other Kansas Class Members time and a half for all hours worked over forty in a regular workweek.

390.     The Kansas Plaintiffs and the Kansas Class Members have suffered damages and continue to suffer damages as a result of Menards' acts or omissions as described herein; though Menards is in possession and control of necessary documents and information from which the Kansas Plaintiffs would be able to precisely calculate damages.

391.     As a result of these willful violations, the Kansas Plaintiffs, on behalf of themselves and the Kansas Class Members, seek recovery of the unpaid wages with an additional equal amount as interest, pre-judgment and post judgment interest, and the costs of this action.

392.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Kansas Wage Act, is defined in Paragraph 380.

393.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Menards.

**C.     KANSAS CLASS ALLEGATIONS**

394.     All previous paragraphs are incorporated as though fully set forth herein.

395.     The Kansas Plaintiffs bring their Kansas Wage Act claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Menards to work in Kansas since January 31, 2016.

396.     Class action treatment of the Kansas Plaintiffs' Kansas Wage Act claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

397. The number of Kansas Class Members is so numerous that joinder of all class members is impracticable.

398. The Kansas Plaintiffs are members of the Kansas Class, their claims are typical of the claims of other Kansas Class Members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

399. The Kansas Plaintiffs and their counsel will fairly and adequately represent the Kansas Class Members and their interests.

400. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

401. Accordingly, the Kansas Class should be certified as defined in Paragraph 380.

## COUNT NINE
**(Class Action Alleging Violations of the Indiana Labor and Safety Code)**

**A.    INDIANA COVERAGE**

402. All previous paragraphs are incorporated as though fully set forth herein.

403. The Indiana Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR MENARD, INC., IN THE STATE OF INDIANA AT ANY TIME FROM JANUARY 31, 2016 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT (A) WERE REQUIRED TO CLOCK OUT FOR REST BREAKS, (B) WERE REQUIRED TO CLOCK OUT FOR MEETINGS, AND/OR (C) PARTICIPATED IN MENARDS' IN-HOME TRAINING PROGRAM. ("Indiana Class" or "Indiana Class Members").**

404. At all times hereinafter mentioned, Menards has been an employer within the meaning of the Indiana Wage Payment Statute ("IWPS"). IND. CODE ANN. § 22-2-9-1.

405. At all times hereinafter mentioned, the Indiana Plaintiffs and the Indiana Class Members have been employees within the meaning of IWPS. *See* IND. CODE ANN. § 22-2-9-1(b).

406. The Indiana Plaintiffs and the Indiana Class Members were or have been employed by Menards since January 31, 2016, and have been covered employees entitled to the protections of the IWPS.

407. The employer, Menards, is not exempt from paying overtime benefits under the IWPS.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE IWPS**

408. All previous paragraphs are incorporated as though fully set forth herein.

409. Indiana's Wage Payment Statute, IND. CODE ANN. § 22-2-5-1, *et seq.* requires employers to pay their employees' wages within ten days of the date they are earned, and allows employees to recover damages and attorney fees from employers who pay late.

410. Though the Wage Payment Statute does not define "wages" courts look to the closely related Wage Claims Statute which defines wages as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or in any other method of calculating such amount. *See* IND. CODE ANN. § 22-2-9-1(b).

411. The Indiana Plaintiffs and the Indiana Class Members seek to recover their unpaid wages that are owed to them as a result of Menards company-wide policy of causing them to perform work off the clock.

412. The Indiana Plaintiffs and the Indiana Class Members have suffered damages and continue to suffer damages as a result of Menards' acts or omissions as described herein; though Menards is in possession and control of necessary documents and information from which Indiana Plaintiffs would be able to precisely calculate damages.

413.     The Indiana Plaintiffs, on behalf of themselves and the Indiana Class Members, seek recovery of the unpaid wages earned and due, interest, attorneys' fees, and costs.

414.     In violating the IWPS, Menards acted willfully, without a good faith basis, and with reckless disregard of applicable Indiana law.

415.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the IWPS is defined in Paragraph 403.

416.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Menards.

## C.     INDIANA CLASS ALLEGATIONS

417.     All previous paragraphs are incorporated as though fully set forth herein.

418.     The Indiana Plaintiffs bring their Indiana claims pursuant to IWPS as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Menards to work in Indiana since January 31, 2016.

419.     Class action treatment of the Indiana Plaintiffs' IWPS claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

420.     The number of Indiana Class Members is so numerous that joinder of all class members is impracticable.

421.     The Indiana Plaintiffs are members of the Indiana Class, their claims are typical of the claims of other Indiana Class Members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

422.     The Indiana Plaintiffs and their counsel will fairly and adequately represent the Indiana Class Members and their interests.

423.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual

class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

424.     Accordingly, the Indiana Class should be certified as defined in Paragraph 403.

## VI.
## RELIEF SOUGHT

Plaintiffs respectfully pray for judgment against Menards as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 201 and requiring Menards to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.     For an Order certifying the Ohio Acts Class as defined in Paragraph 235 and designating Debra Griffith and Jan Jee Johnson as Class Representative of the Ohio Acts Class;

c.     For an Order certifying the Illinois Class as defined in Paragraph 263 and designating David Smith and Ashley Wilhoit as Class Representative of the Illinois Class;

d.     For an Order certifying the Wisconsin Class as defined in Paragraph 297 and designating Brandon Johnson and Tate Alexander as Class Representative of the Wisconsin Class;

e.     For an Order certifying the Missouri Class as defined in Paragraph 318 and designating Nancy Gilenwater and Chris Carter as Class Representative of the Missouri Class;

f.     For an Order certifying the North Dakota Class as defined in Paragraph 333 and designating Raymond Kern as Class Representative of the North Dakota Class;

g.     For an Order certifying the Nebraska Class as defined in Paragraph 362 and designating Preston Booty as Class Representative of the Nebraska Class;

h.     For an Order certifying the Kansas Class as defined in Paragraph 380 and designating Jamie Pitzer as Class Representative of the Kansas Class;

i.      For an Order certifying the Indiana Class as defined in Paragraph 403 and designating Zachary Auhler and Matthew Freville Class Representative of the Indiana Class;

j.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

k.      For an Order awarding all Plaintiffs, Opt-In Plaintiffs, and Class Members back wages that have been improperly withheld;

l.      For an Order pursuant to Section 16(b) of the FLSA finding Menards liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

m.      For an Order pursuant to the Ohio Acts awarding the Ohio Plaintiffs and the Ohio Acts Class Members unpaid overtime and other damages allowed by law;

n.      For an Order pursuant to the Illinois Statutes awarding the Illinois Plaintiffs and the Illinois Class all damages allowed by law;

o.      For an Order pursuant to the Wisconsin Statutes awarding the Wisconsin Plaintiffs and the Wisconsin Class all damages allowed by law;

p.      For an Order pursuant to the Missouri Statutes awarding the Missouri Plaintiffs and the Missouri Class all damages allowed by law;

q.      For an Order pursuant to the North Dakota Statutes awarding the North Dakota Plaintiffs and the North Dakota Class all damages allowed by law;

r.      For an Order pursuant to the Nebraska Statutes awarding the Nebraska Plaintiffs and the Nebraska Class all damages allowed by law;

s.      For an Order pursuant to the Kansas Statutes awarding the Kansas Plaintiffs and the Kansas Class all damages allowed by law;

t.      For an Order pursuant to the Indiana Statutes awarding the Indiana Plaintiffs and the Indiana Class all damages allowed by law;

u.      For an Order awarding the costs and expenses of this action;

v.      For an Order awarding attorneys' fees;

w.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

x.      For an Order compelling the accounting of the books and records of Menards, at Menards' own expense;

y.      For an Order providing for injunctive relief prohibiting Menards from engaging in future violations of the FLSA and state law, and requiring Menards to comply with such laws going forward; and

z.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 31, 2018

Respectfully submitted,

By: /s/ Robert E. DeRose
Robert E. DeRose (OH Bar No. 005214)
bderose@barkanmeizlish.com
Molly K. Tefend (OH Bar No. 0093574)
mtefend@barkanmeizlish.com
**BARKAN MEIZLISH HANDELMAN
GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300

*Local Counsel*

/s/ Clif Alexander
**Clif Alexander** (application *pro hac vice* forthcoming)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (application *pro hac vice* forthcoming)
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiffs and Putative Class Members*